### In re DEARDORFF.

(District Court M. D. Pennsylvania.    January 13, 1927.)

### No. 4725.

1. Judgment ⬮⟹752—Judgment against purchaser before title passes is not purchase-money judgment.

A judgment against a purchaser of land, entered before title passes to him, cannot be a purchase-money judgment.

2. Liens ⬮⟹7—Lender of money to purchaser of land not entitled to purchase-money lien; "purchase-money judgment."

Under the law of Pennsylvania, a judgment for money lent to a purchaser of real estate, to be applied on the purchase price, is not a purchase-money judgment or lien, unless by agreement with the vendor.

3. Vendor and purchaser ⬮⟹246—Purchase-money lien grows out of relation of parties.

A purchase-money lien grows out of the contract relation between vendor and vendee.

In Bankruptcy. In the matter of Dorsey A. Deardorff, bankrupt. On petition to vacate order confirming referee's report. Petition dismissed.

William Hersh, of Gettysburg, Pa., for exceptant.

Charles E. Stahle, of Gettysburg, Pa., for George Scott, lien creditor.

JOHNSON, District Judge. We have for disposition the petition of Albert A. Dear-dorff, executor of Jennie A. Deardorff, deceased, to vacate the order confirming and adopting the opinion of J. Donald Swope, referee, in which opinion the referee found that the judgment of Jennie A. Deardorff for $1,200 is not a purchase-money lien, and that the judgment of George Scott for $2,200 is a purchase-money judgment having first lien on the real estate fund for distribution.

The schedule of distribution prepared by the referee distributed the entire real estate fund of $2,350 to the purchase-money judgment of George Scott. Exceptions were filed to this distribution by Jennie A. Deardorff, mother of the bankrupt, in which it was contended that the judgment of exceptant for $1,200 was for purchase money, and was entitled to a pro rata distribution of the real estate fund with the purchase-money judgment of George Scott.

The facts of the case, as properly found and as stated by the referee, are as follows:

"The real estate fund in question is derived from the sale of certain land in Highland township, Adams county, which George Scott and wife conveyed to Dorsey A. Deardorff, by deed dated April 1, 1919. In May, 1918, Scott entered into a written contract with Dorsey A. Deardorff for the sale of said real estate, for the price of $4,200, as follows: $2,000 in cash on April 1, 1919, and the balance of $2,200 by purchase-money judgment payable at one year.

"On the morning of April 1, 1919, Dorsey A. Deardorff (the present bankrupt) borrowed $1,200 from his mother, Jennie A. Deardorff, and $1,000 of this loan was used by him in making part payment of the $2,000 cash due Scott, under the above contract. Deardorff gave his mother a judgment note for this $1,200, which she entered as a judgment on April 1, 1919, to No. 228 of April term, 1919. This loan of $1,200 by Jennie A. Deardorff to Dorsey A. Deardorff, and the entry of judgment thereon, was without the knowledge or consent of George Scott, the vendor of the land.

"On the afternoon of April 1, 1919, Dorsey A. Deardorff paid the $2,000 to George Scott, and gave him a purchase-money judgment note for the remaining $2,200 of the purchase money. A deed from George Scott and wife to Deardorff, dated April 1, 1919, had been prepared, and revenue stamps attached and canceled, but the deed was not executed nor delivered on that day.

"By reason of the absence of Mrs. Scott and the nonavailability of a notary public, this deed was not signed and acknowledged by George Scott and wife until April 2, 1919,

and was not delivered nor recorded until April 2d, at which time the purchase-money judgment note for $2,200, given by Deardorff to George Scott, was entered and recorded to No. 252 of April term, 1919."

[1] The claim of Jennie A. Deardorff cannot be sustained as a lien prior to the purchase-money judgment of George Scott, or prorate with it, for two reasons: First, because the judgment of Jennie A. Deardorff against Dorsey A. Deardorff was entered before Dorsey A. Deardorff secured title to the property in question; and, secondly, because, under the facts in this case, the judgment of Jennie A. Deardorff is not a purchase-money judgment or lien on the property in question. A purchase-money lien or judgment has priority over a judgment entered before the conveyance.

This position is supported in Cake's Appeal, 23 Pa. 186, 62 Am. Dec. 328:

"A mortgage for the residue of purchase money of land, executed at the time of the delivery of the conveyance of the legal title and duly recorded, has priority of lien on the land conveyed over judgments against the vendee entered after the purchase of the land and before the conveyance, and therefore a sale under judgment entered subsequent to the mortgage does not divest its lien.

"A judgment for the purchase-money of real estate, entered on the same day as the conveyance of the legal title, has priority of lien over judgments against the vendee, entered after a parol agreement by him for the purchase of the premises and before the conveyance."

[2] A judgment for money loaned to the purchase of real estate to be applied on the payment of the consideration of such real estate is not a purchase-money judgment or lien as the purchase-money judgment of the vendor, except by agreement between the vendor and the person who lends the money. In Albright et al. v. Lafayette Building & Savings Association, 102 Pa. 411, it was held: "A mortgage given by the vendee, simultaneously with the conveyance to him, to a stranger, from whom he borrows the consideration money, can never be a purchase money mortgage."

[3] Also on page 416 it was held: "Purchase money results, of course, from the contract relation of vendor and vendee, except that relation exist there can be no mortgage for purchase money; such a security passes from the vendee to the vendor on the footing of the contract of sale. A purchase-money mortgage, too, is executed and delivered simultaneously with the conveyance of the land,

and there is necessarily unity of time, contract, and parties to the transaction; the execution and delivery of the deed and of the mortgages being contemporaneous, the law regards them as one transaction, in the same manner as a deed of defeasance forms, with the principal deed to which it refers, but one contract, although it be by a distinct and separate instrument."

The court is of the opinion that the referee was correct in his findings of fact, conclusions of law, and in his dismissal of the exceptions of Jennie A. Deardorff to his disposition of the real estate fund to the purchase-money judgment of George Scott, and the opinion of the referee should therefore be confirmed.

And now, January 13, 1927, the findings and opinion of J. Donald Swope, referee, are approved. All exceptions to this report and opinion are dismissed. The said petition to vacate the order of confirmation of referee's report is dismissed and the rule granted thereon discharged.